## JOHNS & CO. *vs.* BOYLE.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF WEST FELICIANA, JUDGE MORGAN PRESIDING.

Three *judicial* days must elapse between taking judgment by default, and the day on which it is made final, or it will be reversed on an assignment of error.

This suit is instituted on a draft, drawn by the defendant, and small account, for the aggregate sum of four hundred and ninety-one dollars.

The defendant failed to appear. Judgment by default was taken the 7th December, 1838, and made final on the 11th; the 9th being Sunday. On the 5th January, 1839, a motion was made to set aside the final judgment, as

having been prematurely rendered. The motion was over-
ruled, under the provisions of the *Code of Practice, article*
318. The defendant appealed.

*Andrews,* for the appellant, assigned for error, that the
judgment was improperly rendered, before the lapse of three
judicial days, after taking judgment by default. 3 *Louisiana
Reports,* 115.

*Patterson,* contra.

*Morphy, J.,* delivered the opinion of the court.

The appellant assigns as an error apparent on the face of
the record, that three judicial days did not elapse in this
case, between the rendition of the judgment by default, and
that of the final judgment. Although the word *judicial* be
omitted in article 312 of the Code of Practice, which allows
three days to the defendant to file his answer, we think that
it contemplates those days when the court sits. Before filing
such answer, the judgment by default must be set aside,
which can only be done by a motion in open court. Such
has been the construction this article has heretofore received,
and no good cause has been shown why it should not be
adhered to.

*Three judicial
days must elapse
between taking
judgment by de-
fault, and that on
which it is made
final, or it will
be reversed on
assignment of
error.*

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be annulled, avoided and
reversed, and that this cause be remanded for further pro-
ceedings below ; the costs of this appeal to be paid by the
appellees.